**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | | |
|---|---|---|
| **EVERY PENNY COUNTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:07-CV-00042-JES** |
| | ) | **Judge Steele** |
| | ) | |
| **BANK OF AMERICA CORPORATION,** | ) | |
| **BANK OF AMERICA, N.A., AND** | ) | |
| **VISA U.S.A. INC.,** | ) | |
| **Defendants.** | ) | |

## VISA U.S.A. INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO TRANSFER VENUE

Defendant Visa U.S.A., Inc. ("Visa") hereby moves this Court to dismiss this action for lack of personal jurisdiction and pursuant to Rule 12(b)(6) of the Federal Rules of civil Procedure. In the alternative Visa moves to transfer this case to the United States District Court for the District of Delaware because the Delaware court is the most convenient forum, and it is the only court that can exercise jurisdiction over all desirable and necessary parties. A Memorandum of Law in Support of this Motion to Dismiss and Transfer Venue is filed herewith.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

In its First Amended Complaint, Plaintiff Every Penny Counts, Inc. ("EPC") claims that it is the owner of U.S. Pat. No. 6,112,191 ("the '191 patent") and that the '191 patent has been infringed by a program called "Keep the Change" ("KTC"). EPC's complaint, however, is devoid of any allegations that Visa is in any way involved in the accused KTC program, much less any allegations which, if true, would suggest Visa has done anything to infringe the '191 patent. KTC is, to Visa's understanding, a banking program offered and

administered by Bank of America, N.A. ("BANA").  Visa has no involvement in KTC, much less any contacts with Florida that relate to KTC or that would otherwise amount to the "minimum contacts" necessary for this Court to exercise personal jurisdiction over Visa.   For these reasons, and those set forth below, this Court should dismiss this action against Visa for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction.

In the alternative, Visa respectfully asks the Court to transfer this action to Delaware, Visa's state of incorporation.  There is no doubt that jurisdiction over Visa is proper in Delaware and venue convenient.  Indeed, "one aspect of a company's decision to incorporate in Delaware is that under [Delaware's] jurisdiction and venue statutes it is agreeing to submit itself to the jurisdiction of the courts in [that] state."   *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 572 (D. Del. 2001).  Significantly, BANA, the Bank that actually issues the debit cards used in the accused KTC program, has commenced an action before the United States District Court for the District of Delaware that addresses the very same infringement allegations included in EPC's First Amended Complaint, plus ***additional issues*** relating to ownership of the patent asserted against Visa that are not addressed in EPC's amended complaint and that affect at least one party, SIP Assets LLC, not involved in this action.   The District of Delaware can exercise jurisdiction over ***all*** involved parties, and it therefore can resolve all issues raised by both actions in a manner sure to avoid unwanted inefficiencies and a multiplicity of actions.  Visa therefore respectfully requests the Court in the alternative to transfer this action to Delaware under 28 U.S.C. § 1404.

## II.     THIS COURT DOES NOT HAVE PERSONAL JURISDICTION OVER VISA

"When deciding personal jurisdiction issues in a patent case, the district court is required to apply Federal Circuit precedent, rather than contrary precedent from its own circuit." *Faro Techs., Inc. v. Cimcore Corp.*, No. 6:05-CV-1702-ORL-31JGG, 2006 WL 1119223, at *2

2

(M.D. Fla. Apr. 27, 2006) (citing *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377

(Fed. Cir. 1998)). "Determining whether personal jurisdiction exists over an out-of-state

defendant involves two inquiries:  (1) whether a forum state's long-arm statue permits service of

process, and (2) whether the assertion of personal jurisdiction would violate due process."

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001).

> **A.    No Jurisdiction Over Visa Exists Under Florida's Long-Arm Statute.**

Florida's long-arm statute, in pertinent part, provides for specific personal

jurisdiction over a non-resident defendant when the cause of action arises out of any of the

following acts performed by the defendant personally or through an agent:

> (a) Operating, conducting, or engaging in, or carrying on a business or business
> venture in state or having an office or agency in this state;
>
> (b) Committing a tortious act within this state;
>
> * * *
>
> (f) Causing injury to persons or property within this state arising out of act or
> omission by the defendant outside this state, if, at or about the time of the injury,
> either:
>
> > 1. The defendant was engaged in solicitation or service activities
> > within the state; or
> >
> > 2. Products, materials, or things processed, serviced, or
> > manufactured by the defendant anywhere were used or consumed
> > within this state in the ordinary course of commerce, trade, or use;
>
> * * *

Fla. Stat. § 48.193.

Additionally, a non-resident defendant is subject to general jurisdiction under the

long-arm statute if it "is engaged in substantial and not isolated activity within this state." *Id.*

The interpretation of a state's long-arm statute is a matter of Regional Circuit law. *3D Systems*,

3

160 F.3d at 1377. According to the Eleventh Circuit, Florida's long-arm statute is to be strictly construed, and the burden of proving facts that justify the use of the statute is on the plaintiff, EPC. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

### 1. No Specific Jurisdiction Exists Over Visa

No specific jurisdiction over Visa exists under the long-arm statute because Visa has no involvement in the KTC program, much less any involvement in Florida that would give rise to EPC's cause of action for patent infringement.

### a. No Tortious Conduct in Florida

Some cases hold that patent infringement is "tortious conduct" for purposes of Florida's long-arm statute. *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1124 (M.D. Fla. 2006) ("This case law suggests that Plaintiff's allegations regarding the sale of infringing products to Florida residents may be enough to satisfy the "tortious conduct" provision."). Infringement of a patent occurs, however, when a person, "without authority, makes, uses, offers to sell, or sells any patented invention, within the United States, or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). Visa has performed no such actions with respect to KTC and EPC alleges no such actions.

Visa did not develop and does not control KTC, and has not otherwise used, offered to sell, sold, or imported KTC. Affidavit of Jack Yang (Ex. A) ("Yang Affidavit") ¶ 6. Visa does not advertise or market KTC, and does not provide any services to customers who are enrolled in the KTC program. Visa does not even issue or approve the debit cards that are used by bank customers who participate in KTC. *Id.* ¶ 7. The only possible connection that can be drawn between Visa and KTC in Florida is that Visa's *name* appears on the debit cards that

4

another entity—BANA—issues to customers in Florida, as well as some of BANA's

advertisements for KTC in Florida.  That is not enough for EPC to satisfy its burden of showing

that Visa has "commit[ed] a tortious act *within* this state."  *See Structural Panels, Inc. v. Texas*

*Aluminum Indus., Inc.,* 814 F. Supp. 1058, 1065 (M.D. Fla. 1993) (holding personal jurisdiction

inappropriate under section 48.193(1)(b) where there was insufficient evidence that the

defendant manufactured, marketed or sold the alleged infringing product in Florida).

### b.     No Injury to Persons or Property in Florida

Even if EPC were to allege that Visa had some involvement with KTC outside

this state that, if true, rose to the level of infringement, there is no showing that such actions

would have caused "injury to persons or property in Florida."  *See* § 48.193(1)(f).  The fact that

EPC alleges that it is the patent assignee and a current resident of Florida is not enough, since

"the provisions of subsection (1)(f) do not apply to situations in which only economic damages

are suffered within the state."  *Prentice v. Prentice Colour, Inc*., 779 F.Supp. 578, 585 (M.D. Fla.

1991); *see Sun Bank, N.A. v. E.F. Hutton & Co.,* 926 F.2d 1030, 1033 (11th Cir. 1991) ("The

Florida Supreme Court has decided that a purely economic injury of the sort alleged in this case

is insufficient to confer jurisdiction over a defendant under § 4.193(1)(f).").  EPC "has not

alleged personal injury or property damage, but only patent infringement; therefore, there is no

personal jurisdiction under Section 48.193(1)(f)."  *Response Reward Sys., L.C. v. Meijer, Inc.*,

189 F. Supp. 2d 1332, 1337 (M.D. Fla. 2002).

### c.     No Nexus Between Any Business in Florida and This Action

EPC also cannot satisfy its burden of demonstrating that this Court has personal

jurisdiction over Visa under §48.193(a).  Section 48.193(a) provides for specific jurisdiction if

the defendant performs the acts of "[o]perating, conducting, or engaging in, or carrying on a

5

business or business venture in state," but, in order for this Court to exercise jurisdiction, EPC must demonstrate some "direct affiliation," "nexus," or "substantial connection" between such business activities and its cause of action for patent infringement. *See Polskie Linie Oceaniczne v. Seasafe Transp. A/S,* 795 F.2d 968, 970-72 (11th Cir. 1986); *University of South Florida, for and on Behalf of Bd. of Regents v. Sherman & Shalloway,* No. 93-1238-CIV-T-17(B),1994 WL 143081, at *2 (M.D. Fla. 1994) (requiring some nexus or connection between the business carried on in Florida and the cause of action alleged).  This nexus requirement is often described as "connexity," and "must be met before jurisdiction over a nonresident can be sustained." *Id.*

Visa is a non-stock, membership corporation.  Yang Affidavit ¶ 3.  Visa acts as an umbrella organization to its members, provides general advertising services and technology to process bank programs, and regulates and coordinates members' programs through rules and by-laws adopted by its board of directors.  *Id.* ¶ 5.  Although Visa has entered into membership contracts with financial institutions throughout the United States, *id.* ¶ 3, any alleged patent infringement on the part of the accused KTC program "has no real connection to the contractual arrangements" or other services provided by Visa to the financial institutions that comprise its members.  *Sun Trust Bank*, 184 F. Supp. 2d at 1270 (finding "no real connection" between the contractual arrangements for reservations made with an office of a hotel in Miami and any alleged negligence on the part of the hotel, and therefore no basis for personal jurisdiction under § 48.193(1)(a)).  KTC was developed and launched without Visa's involvement.  Yang Affidavit ¶¶ 6-8. Visa has no special contract with BANA concerning KTC and is in no way involved with the marketing or administering or operation of KTC.  *Id.* ¶ 8.  Therefore, the connexity requirement for jurisdiction under § 48.193(1)(a) is not met.  *See Robert D. Harley Co. v. Global Force (H.K.) Ltd.*,  No. 05-21177-CIV-SEITZ/MCALILEY, 2007 WL 196854, at *4 (S.D. Fla.

6

2007) (holding jurisdiction under this section over sellers of stock in Missouri corporation could not be exercised on basis of corporation's conduct of business in Florida, where there was no connection between business conducted in Florida and harm which investor in corporation claimed to have suffered); *Groome v. Feyh*, 651 F. Supp. 249 (S.D. Fla. 1986).

### 2.  No General Jurisdiction Exists Over Visa

Section 48.193(2) permits a court to exercise personal jurisdiction over a defendant, regardless of whether the claim arises from the defendant's activities within the state, if the defendant is engaged in "substantial and not isolated activity within this state."  Fla. Stat. § 48.193(2).  Visa's connections with Florida, however, do not justify asserting general jurisdiction over it.  Visa does not issue payment cards, and is not involved at the consumer level of payment card transactions.  Yang Affidavit ¶ 5.  Visa's members solicit consumers, issue their own cards under Visa's neutral trademark, and decide the terms and conditions of credit extensions, the number of cards issued, and the interest rates and fees charged, independently of Visa.  *Id.* ¶ 5.  Visa neither has nor exercises any control over its members regarding the foregoing activities.  *See id.*

Visa is not licensed to conduct business in Florida, nor does it have a registered agent in Florida.  *Id.* ¶ 9.  Visa has no employees, agents, sales representatives, property, mailing address, or bank accounts in Florida.  *Id.* ¶ 9.  Furthermore, it has not manufactured, imported, used, offered for sale, or sold any product in Florida, and has no assets in Florida.  *Id.* ¶¶ 9, 10.  Therefore, "[a]s a non-resident corporation that is not registered to do business in the State of Florida, there is no basis for finding general jurisdiction over the Corporation in this forum."  *Villa Glas G.m.b.H. v. Everstone Pty. Ltd.*, No. 6:06-cv-420-Orl-31DAB, 2006 WL 3498163, at *4 (M.D. Fla. 2006).

7

This case is not unlike the situation in *RZS Holdings AVV v. PDVSA Petroleos S.A.*, where the court found it did not have specific or general jurisdiction over defendant Banesco. 293 F. Supp. 2d 645 (E.D. Va. 2003). At issue was a breach of contract involving the sale of 417,500 barrels of gasoline. *Id.* at 647. Banesco was not a party to that contract, but merely issued the line of credit to the purchaser of the gasoline. *Id.* When the purchaser allegedly breached the contract, the plaintiff brought suit against the purchaser and Banesco— both non-resident defendants. *Id.* Even though the court found that Banesco indirectly earned substantial revenue from CITGO service stations in Virginia, it found Banesco had no facilities or offices, or employees in Virginia. *Id.* at 650. Visa's role in the instant action is even less involved than Banesco's—although Banesco issued a line of credit to the purchaser in that case, Visa does not even do that for participants in the KTC program. For these reasons, EPC cannot satisfy its burden of demonstrating that the Florida long-arm statute permits this Court to exercise jurisdiction over Visa.

### B. Exercise Of Jurisdiction Over Visa Would Not Satisfy Due Process

Even if Florida's long-arm statute could be interpreted to reach Visa, jurisdiction over Visa would offend traditional notions of fair play and substantial justice and therefore not satisfy the Due Process Clause of the Fourteenth Amendment. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To determine whether minimum contacts exist, the Federal Circuit applies a three-prong test: 1) whether the defendant purposefully directed its activities at residents of the forum; 2) and if so, whether "the litigation results from alleged injuries that arise out of or relate to those activities"; and 3) and if so, then the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Breckenridge Pharm., Inc. v. Metabolite Labs.*, Inc., 444 F.3d 1356, 1361-62 (Fed. Cir. 2006) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). It

8

is generally more difficult to satisfy the Due Process Clause of the two-part jurisdictional test that it is to satisfy Florida's long-arm statute. *See, e.g.*, *Execu-Tech Bus. Sys. v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000); *Northwestern Aircraft Capital Corp. v. Stewart*, 842 So. 2d 190, 193 (Fla. Dist. Ct. App. 2003) (noting that the due process analysis is more restrictive than the statutory analysis).

As highlighted above, this litigation does not result from or relate to any activities of Visa's that are directed to this forum. To the extent Visa has any involvement at all with the KTC program, it may be through its processing of debit card transactions initiated by BANA customers who participate in the KTC program. All such processing, however, occurs indiscriminately with millions of other transactions involving numerous other member institutions in one of Visa's processing centers located in Colorado or Virginia. Yang Affidavit ¶ 11. Visa has no buildings or facilities in Florida at or through which transactions are processed. *Id*. Moreover, even if Visa, a California-based company, accrued a financial benefit from the credit card transactions that occurred in Florida as a result of KTC participants' use of BANA-issued debit cards bearing the Visa logo, such contacts would not be "constitutionally cognizable" for purposes of jurisdiction over Visa, since contacts resulting from "the unilateral activity of another party or a third person" are not attributable to a defendant. *See Burger King*, 471 U.S. at 475 & n.17 (citing *World-Wide Volkswagen*, 444 U.S. 286) (no jurisdiction over an out-of-state automobile distributor whose only tie to the forum resulted from customer's decision to drive there). For example, any such financial benefit would be wholly analogous to a patentee's receipt of royalty income from its licensees for sales made in the forum jurisdiction, which the Federal Circuit has expressly found to be "irrelevant" for purposes of jurisdiction. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc*., 148 F.3d 1355, 1361-62 (Fed. Cir. 1998).

9

Therefore, there are no connections with Florida that would satisfy the Due Process Clause of the Fourteenth Amendment.

### III.     EPC FAILS TO STATE A CLAIM AGAINST VISA UPON WHICH RELIEF CAN BE GRANTED

"The question of whether a Rule 12(b)(6) motion to dismiss for failure to state a claim [is] properly granted is a purely procedural question not pertaining to patent law, to which this court applies the law of the regional circuit…." *Spann v. Cobb County Pretrial Court Servs. Agency*, 206 Fed. App'x 910, 911 (11th Cir. 2006). According to the Eleventh Circuit, "[w]hen the allegations in a complaint are vague and conclusory, and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim." *Taylor By & Through Walker v. Ledbetter*, 818 F.2d 791, 817 (11th Cir. 1987).

"[W]hether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint." *Spann*, 206 Fed. App'x at 911. Although a court ruling on a Rule 12(b)(6) motion accepts all well-pleaded factual allegations in the complaint as true, mere conclusory allegations, unwarranted inferences and conclusions of law presented as factual conclusions are not sufficient to defeat a motion to dismiss. *Berry v. Coleman*, 172 Fed. App'x 929, 932 (11th Cir. 2006); *Lambert v. United States*, 198 Fed. App'x 835, 838 (11th Cir. 2006).

35 U.S.C. § 271 governs patent infringement. Under § 271(a), direct infringement occurs when someone "without authority, makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of f the patent therefore." In addition, "indirect infringement" of a patent can occur under § 271(b) when someone "actively induces" someone else's direct infringement or under § 271(c) when someone "offers to sell," "sells," or "imports into the

United States a component" of a patented invention which "constitute[s] a material part of the invention, knowing the same to be especially made or …adapted for use in an infringement of such patent…."

Although EPC claims that the KTC program infringes the '191 patent, *see* First Am. Compl., ¶¶ 16-18, EPC's Complaint is devoid of any allegations that Visa makes, uses, offers to sell, sells, or imports the KTC program or any other product or method that falls within the scope of the '191 patent claims. Similarly, EPC does not allege that Visa intended to encourage another person's infringement or knowingly sold a device that constituted a material part of the allegedly infringing KTC program, as would be required to show indirect infringement under § 271(b) or (c). In fact, EPC does not allege that Visa does ***anything*** with respect to KTC or is connected to KTC in any way. The only facts that EPC alleges with respect to Visa are that, "[u]pon information and belief," Visa "was aware of" the '191 patent, "knew that EPC is the lawful owner of the" '191 patent, and "knew or should have known that the 'Keep the Change Program' would infringe on the" '191 patent. *See* First Am. Compl., ¶ 12. At most, these allegations amount to "unsupported conclusions of law or of mixed law and fact" that cannot survive a motion to dismiss. *Lambert*, 198 Fed. App'x at 838. Even if such conclusory allegations were true, moreover, they would not satisfy the elements of infringement recited in 35 U.S.C. § 271. Under any one of § 271(a), (b), or (c), mere knowledge about a patent or a device does not constitute infringement. *See, e.g.*, *LG Elecs., Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 418 (D. Va. 2000) ("To state a claim for patent infringement under § 271(a), "the plaintiff must allege that a person (1) without authority, (2) makes, uses, offers to sell, sells, or imports any patented invention within the United States, (3) during the term of the patent.").

11

The facts of this case are very similar to those of *Catapano v. Wyeth Ayerst Pharm., Inc*., 88 F. Supp. 2d 27, 31 (E.D. N.Y. 2000), where the court dismissed the complaint for failure to state a claim for patent infringement.  Like EPC, the plaintiff in *Catapano* "failed to identify, by name or statutory section, the particular type of patent infringement he is claiming," *i.e.*, "direct infringement under § 271(a), inducement of infringement under § 271(b), [or] contributory infringement under § 271(c)."  *Id.* at 29.  Moreover, "nothing in [the plaintiff's] complaint allege[d], much less suggest[ed], that the Defendants are using or selling" the patented method, allegations that the court concluded were required "to state a claim for direct patent infringement."  *Id.* at 29-30.  Furthermore, the complaint "fail[ed] to allege that the Defendants specifically intend to encourage" infringement or that Defendants "sell any [] material that constitutes a necessary component of his invention" and therefore did not meet the pleading requirements for induced or contributory infringement, respectively.  *Id.* at 30.  The court therefore held that "reading the complaint in the light most favorable" to the plaintiff, "it fails to state any viable claim for patent infringement."  *Id.* at 31.

The same facts exist here.  EPC neither specifies the theory of infringement it is pursuing (*i.e.*, direct or indirect), nor alleges any facts that would support a claim for infringement under any of the available theories.  EPC alleges only that Visa knew about the allegedly infringing KTC program and the '191 patent. These allegations are insufficient to state a cause for relief against Visa and, as such, EPC's complaint against Visa should be dismissed.

## IV.    THIS CASE SHOULD BE TRANSFERRED TO THE DISTRICT OF DELAWARE

Even if the Court finds that it personal jurisdiction over Visa is proper, Visa respectfully asks the Court to exercise its discretion to transfer this action to Delaware under 28 U.S.C. § 1404(a).

12

_441552.2

The decision to transfer is a two-step process. First, the Court must decide whether the plaintiff could have brought the action in the district to which the defendant is requesting transfer. *Balloveras v. Purdue Pharma Co.*, No. 04-20360-CIV-Moreno, 2004 WL 1202854, at *1 (S.D. Fla. May 19, 2004); *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960). Second, if this threshold is met, the Court must decide whether "on balance, the convenience of the parties and the interest of justice weigh in favor of this Court retaining this case or transferring it" to the other jurisdiction. *Jewelmasters, Inc. v. May Dep. Stores Co*., 840 F. Supp. 893, 895 (S.D. Fla. 1993).

This action could have been brought in Delaware, as BAC and Visa are both incorporated in Delaware and as the court in Delaware would have the same subject matter jurisdiction over this case as this Court does. *See* 28 U.S.C. §§ 1338(a), 1404(b). Moreover, several factors considered relevant to the § 1404 inquiry weigh in favor of transfer.

First, the interests of justice and judicial economy strongly favor transfer. Visa notes that a Complaint was recently filed in Delaware on behalf of BANA against EPC and a company by the name of SIP Assets, LLC ("SIP"). *See*, *Complaint for Patent Infringement, Bank of America Nat'l Assoc. v. Ever Penny Counts, Inc. et al*., CA No. 07-159 (D. Del. 2007) (Ex. B). The Delaware Complaint addresses the same infringement allegations that are at issue in this case. Under these circumstances, transfer of this action to Delaware would avoid the risk of inconsistent judgments and duplicative litigation. Moreover, unlike here, there are no uncertainties surrounding whether the United States District Court for the District of Delaware can exercise personal jurisdiction over each of the defendants. Conservation of judicial resources and avoidance of unnecessary legal expenses are advanced by a transfer from a forum in which there is a question of personal jurisdiction to a district in which there are no such

13

uncertainties. 15 *C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure* § 3854 at

n.31 and accompanying text (1986); *Connexus Credit Union v. Connex Credit Union*, 69

U.S.P.Q.2d 2020, 2022 (W.D. Wis. 2003). Furthermore, it appears from the Delaware

Complaint that there is a significant question as to ownership of the '191 patent, and, only

Delaware may exercise personal jurisdiction over each of the interested parties, EPC, SIP, Visa,

and BANA necessary to resolve all the issues raised by EPC's infringement allegations. As

between Florida and Delaware, therefore, Delaware is the best place to litigate these claims.

   Second, the convenience of the parties and witnesses also weighs in favor of

transfer. It appears that several witnesses, including the lawyers that prosecuted the '191 patent

and employees of SIP are all located in New York or New Jersey, which are much closer to

Delaware than Florida. Third, and similarly, the location of operative facts also favors transfer to

Delaware. Whereas there are no operative facts in Florida, several factual events are

concentrated geographically in the Northeastern part of the United States. For example, the '191

patent was prosecuted in New Jersey, the inventor of the '191 patent resided in New Jersey at the

time he filed his patent application, EPC was located in New Jersey until two years ago, and SIP

appears to be located in New York.

   Fourth, the case in Delaware has been assigned to the Honorable Judge Sleet, who

has litigated close to 300 patent cases. According to his standard Rule 16 Scheduling Order, he

has patent-specific procedures set in place to ensure that patent cases are litigated efficiently and

expeditiously, including, for example, standard procedures for claim construction disclosures,

expert reports, and addressing when a defendant must notify the plaintiff that it intends to rely on

advice of counsel as a defense to willful infringement. *See* Ex. C (Rule 16 Scheduling Order,

*Colgate-Palmolive Co. v. Ranir*, *L.L.C.*, CA No. 06-417-GMS (D. Del.)); Ex. D (Rule 16

14

Scheduling Order, *Merck & Co., Inc. v. Apotex*, C.A. No. 06-230 (GMS) (D.Del.)).  These

standard procedures arise from the relatively high number of patent actions filed in the District of

Delaware due to the large number of companies that have chosen to incorporate in the state of

Delaware.  Typically a complex patent case before Judge Sleet can be tried within 20-21 months

from filing.

Lastly, the first-filed rule does not warrant maintenance of this action in Florida.

Only Delaware has personal jurisdiction over all of the parties in interest, including SIP, and

only Delaware is positioned to consider the threshold issue of standing to sue for infringement of

the '191 patent.  Therefore, this is not an instance where the Delaware and Florida actions are

"mirror images" of each other, as would justify application of the rule.  *Genentech, Inc. v. Eli

Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993).  Moreover, even if the subject matter of the

actions was identical, which it is not, departure from the first-filed rule is necessary when the

first court cannot exercise jurisdiction over all "necessary and desirable parties."  *Id.* Finally, the

"first-filed rule does not supersede" the balance of the factors which favor transfer under §

1404(a).   For these reasons, the action should be transferred to Delaware.

## V.    CONCLUSION

Given Visa's lack of involvement in the KTC program and its lack of contacts with

Florida, this Court should dismiss EPC's suit against Visa for lack of personal jurisdiction and

for failure to state a cause of action upon which relief may be granted.  In the alternative, this

action should be transferred to the District of Delaware, as this Court is unable to gain

jurisdiction over SIP, making the Delaware action the only action situated to dispose of all the

issues in these two actions.  Moreover, the § 1404(a) factors weigh heavily in favor of

_441552.2

transferring this action to the District of Delaware.  Accordingly, this case should be transferred

to the District of Delaware.


DATED:  April 5, 2007

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished **via facsimile and electronic filing** this 5th day of April 2007, to Counsel for Plaintiff, Harvey S. Kauget and Karl J. Brandes, Phelps Dunbar, LLP, 100 South Ashley Drive, Suite 1900, Tampa, Florida  33602-5311 and **via electronic filing only** to Brent B. Barriere, David L. Patron and Harry M. Barton, Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, Louisiana  70130.

              /s/ James S. Grodin
              James S. Grodin
              Florida Bar No. 0655181
              jgrodin@foley.com
              Anat Hakim
              ahakim@foley.com
              Florida Bar No. 0018127
              **FOLEY & LARDNER LLP**
              111 North Orange Avenue, Suite 1800
              Orlando, FL  32801-2386
              Telephone:  (407) 423-7656
              Facsimile:  (407) 648-1743

              Attorneys for Defendant
              Visa U.S.A., Inc.

16

_441552.2