UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVERY PENNY COUNTS, INC.,

        Plaintiff,

vs.                            Case No. 2:07-cv-42-FtM-29SPC

BANK OF AMERICA CORPORATION; VISA USA, INC.,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Bank of America Corp. (BAC) and Bank of America N.A. (BANA)'s Motion to Dismiss and Transfer Venue (Doc. #33) filed on April 26, 2007. Plaintiff filed a Response (Doc. #36) on April 20, 2007.

As a preliminary matter the Court notes that the related case Bank of America N.A. v. SIP Assets LLC, 1:07-CV-159-GMS, which was pending before the District Court of Delaware has been transferred to the Middle District of Florida. That Case is now pending before the undersigned and is assigned the following case number: 2:07-cv-704-JES. In light of the transfer of the Delaware case, there is no longer an issue of judicial economy, and defendant SIP Assets LLC has not raised the issue of personal jurisdiction. See e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982)(The requirement of personal jurisdiction can be waived.) Therefore the Motion to Transfer Venue is denied without prejudice.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is

warranted under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989); <u>Brown v. Crawford County</u>, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The Amended Complaint alleges that: On August 29, 2000, the Untied States Patent and Trademark Office issued Patent Number 6,112,191 (the Rounder Patent) to Every Penny Counts Inc. of Red Bank New Jersey (Old EPC). (Docs. ## 20, ¶1; 20-1.) In September 2004, Old EPC reorganized under the laws of Delaware and became Every Penny Counts, INC (EPC). Beginning in December, 2001 Old EPC began discussions with BAC about licensing the Rounder Patent. Those discussions were conducted both verbally and through written communications. (Doc. #20, ¶¶ 4-5.) On June 29, 2005, OLD EPC and EPC executed an Asset Acquisition Agreement whereby the Rounder Patent and all the rights associated therewith, were assigned to EPC. (Doc. #20-2.) EPC continued the discussions with BAC over licensing the Rounder Patent. (Doc. #20, ¶8.)

In Spring 2005, BAC ceased communications with EPC and established its own program modeled on the Rounder Patent. Subsequently, in October 2005, BAC launched the "Keep the Change Program" (KCP). (Doc. #20, ¶8.) The KCP "utilizes systems that

fall[] within the scope of at least one claim of the Rounder Patent." (Doc. #20, ¶9.)  Additional facts are set forth below.

### III.

To state a claim for patent infringement the plaintiff must allege that the defendant (1) without authority, (2) makes, uses, offers to sell or sells any patented invention within the United States, (3) during the term of the patent. See 35 U.S.C. § 271(a). "A patentee need only plead facts sufficient to place the alleged infringer on notice." Phonometrics, Inc. v. Hospitality Franchise Sys., 203 F.3d 790, 794 (Fed. Cir. 2000).

In the present case, the Court finds that the First Amended Complaint is sufficiently pled as to defendant BAC but not as to defendant BANA.  Plaintiff asserts ownership of the Rounder Patent (Doc. #20, ¶3), names the individual defendants (Doc. #20, ¶¶ 5, 8, 10, 11, 15-17), and describes the means by which BAC is allegedly infringing on the Rounder Patent (Doc. #20, ¶¶ 8, 15).  However, the First Amended Complaint contains no allegations as to what actions by BANA are infringing on the Rounder Patent.  The only allegations relating to BANA state that BANA (1) was aware of the Rounder Patent and (2) that they knew or should have known that the KTC program infringes on the Rounder Patent.  (Doc. #20, ¶¶ 11, 17.)  The Amended Complaint is devoid of any allegations that BANA makes, uses, offers to sell or sells a product that infringes on

the Rounder Patent.  Therefore the motion to dismiss is granted as to BANA.

Accordingly, it is now

**ORDERED**:

1.  Bank of America Corp. (BAC) and Bank of America N.A. (BANA)'s Motion to Transfer Venue (Doc. #33) is **DENIED.**

2.  Bank of America Corp. (BAC) and Bank of America N.A. (BANA)'s Motion to Dismiss (Doc. #33) is **GRANTED** as to defendant BANA and otherwise **DENIED.**

3..  Plaintiff may file a Second Amended Complaint within **TWENTY (20) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of November, 2007.

JOHN E. STEELE
United States District Judge


Copies: Counsel of record