**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | | |
|---|---|---|
| **EVERY PENNY COUNTS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:07-CV-00042-JES** |
| | ) | **Judge Steele** |
| | ) | |
| **BANK OF AMERICA CORPORATION AND** | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' OPPOSITION TO EVERY PENNY COUNTS, INC.'S
"EMERGENCY MOTION" TO STRIKE DEFENDANTS'
[THREE] MOTIONS FOR SUMMARY JUDGMENT,
MOTION TO EXCLUDE THE TESTIMONY OF
CRAIG LUALLEN, AND *MARKMAN* MOTION**

Choosing not to properly brief the substantive issues facing this Court prior to trial affirmatively, and rather than properly respond to Defendants' *five* briefs addressing the substantive pretrial issues, Plaintiff Every Penny Counts, Inc. ("EPC") files a single brief, asking this Court for an Order striking Defendants' five substantive pretrial briefs: (1) Defendants' Motion for Summary Judgment of Unenforceability, (2) Defendants' Motion for Summary Judgment of Invalidity, (3) Defendants' Motion for Summary Judgment of Noninfringement, (4) Defendants' Opening *Markman* claim construction brief, and (5) Defendants' Motion to Exclude the Testimony of Mr. Craig Luallen (collectively "Defendants' Substantive Pretrial Motions").   Ignoring substance and seeking to unilaterally avoid this Court's established briefing schedule, EPC contends (without support) that Defendants are limited to a single motion for summary judgment, and that Local Rule 3.01(a)

specifying a 25-page limit for motions does not apply to this case.  EPC also claims that Defendants used improper margins in some briefs and filed the exhibits to two of the motions shortly after the midnight deadline.  The bases for EPC's motion did not constitute an emergency and none of its arguments have merit.   The only "emergency" that EPC seeks to avert is having to substantively respond to any of  a number of  meritorious case dispositive motions.

The Court has decided that EPC's motion to strike is not an "emergency."  EPC should therefore understand that it must **substantively** respond to Defendants' Substantive Pretrial Motions.  Instead, EPC continues to concoct reasons not to respond.  A number of these motions, if granted, would render a trial in this action unnecessary.  EPC's motion is merely an attempt to delay the Court's consideration of Defendants' dispositive motions or unilateral grant itself an extension of time to answer.  But EPC plainly would rather have an unnecessary trial and deprive the Court of the opportunity to enter summary judgment and, at the same time, ratchet up Defendants' costs.  This case already has cost Defendants substantial defense costs and EPC should not be allowed to increase that cost further by attempting to frustrate the rules designed to avoid trial of actions that can be disposed of by summary judgment.

Similarly, resolution of the **Markman** brief setting forth Defendants' proposed claim constructions is fundamental to resolving a number of dispositive issues in this case.  To the extent EPC proposes different claim constructions it should have filed its own **Markman** brief as the Scheduling Order required.  Instead, EPC proposed nothing, filed no brief, waived its right to advance different claim constructions and now seeks to strike the one

timely brief submitted to aid the Court in construing the asserted claim.  Instead of aiding the Court to resolve this action EPC seeks to frustrate the process.  The Court should deny EPC's Motion.

## I.     ARGUMENT

### A.     Defendants' Filing of the Exhibits to Two of Their Motions Less Than Three Hours After the Deadline Should Be Excused

Defendants electronically filed a total of six substantive motions on April 1, 2008.[1] In each instance, the motion and supporting memorandum of law was timely filed before midnight.  Defendants were unable to file the exhibits to two of the motions before midnight due to a computer network problem at the office of Defendants' counsel responsible for filing the motions.  Defendants filed the exhibits to Defendants' Motion for Summary Judgment of Unenforceability *nine minutes* after the filing deadline, at 12:09 a.m. Eastern Daylight Time on April 2. *D.I.* #116.  Defendants filed the exhibits to Defendants' Opening *Markman* Brief *less than three hours* after the filing deadline, at 2:50 a.m. Eastern Daylight Time on April 2. *D.I.* #117.[2]  EPC knows these facts yet it insisted on filing its "emergency" motion to strike. EPC's attempt to strike these motions based on allegations of "late" filing of exhibits due to computer network problems speaks volumes about the *merits* of EPC substantive positions.

---

[1]    Three additional motions were filed by Defendants on April 1, 2008.  Those motions concerned filing documents under seal and are not in dispute.

[2]    Contrary to EPC's confusing mischaracterization of the facts in its Motion, Defendants did not file two Motions for Summary Judgment of Unenforceability and two *Markman* Briefs.    Rather, in both instances when filing the exhibits to these two motions, Defendants included a duplicate copy of the motion, as is required by the Court's electronic filing system when filing exhibits as attachments to a motion or brief.

EPC fails to allege any prejudice based on this minor delay in the filing of *exhibits* to two of Defendants' Substantive Pretrial Motions.[3]  Indeed, EPC fails to allege even that it was aware of the late filing in the short period after midnight when the exhibits were filed. Under the rules for electronic filing in this district, "A filer whose filing is untimely as the result of a technical failure may seek appropriate relief from the Court." CM/ECF Administrative Procedures Middle District of Florida, Revised: March 15, 2007, at 8.   In this case, it is Defendants' practice that Defendants' counsel in this district completes electronic filings on its behalf; unfortunately, a computer network problem in counsel's office on April 1, 2008 rendered him unable to file Defendants' Substantive Pretrial Motions.  *See* Decl. of Casey K. Weidenmiller, April 14, 2008, at ¶ 7, Ex. A.   Other of Defendants' counsel completed the electronic filings from another office, but were unable to complete the filing of the exhibits to two of Defendant's Motions until shortly after the deadline.  *See* id. at ¶ 11-13. In the absence of any prejudice to EPC, equitable considerations strongly support Defendants' request that this Court excuse the late electronic filing of these *exhibits* due to a computer network problem.  In the analogous situation of applying the "excusable neglect" standard when deciding whether to grant a motion to extend a filing deadline, the Eleventh Circuit held that "[p]rimary importance should be accorded to the *absence of prejudice* to the nonmoving party and to the interest of efficient judicial administration."  *Adv. Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (vacating trial court's order denying

---

[3]   The subject exhibits were properly identified in the briefs themselves, which were timely filed, and were documents of record in this case.  Thus, EPC had both notice and possession of the subject exhibits *prior to the filing deadline.*

motion to extend filing deadline)[4]; *see also Williams v. Sirmons, et al*, Case No. 3:06-cv-686-J-33MCR, 2008 U.S. Dist. Lexis 21227, *3 (M.D. Fla. March 14, 2008) (denying motion to strike summary judgment motion filed three days late because "[t]he delay in this case was short, only three days, and it will not have any significant adverse affect on these proceedings.").

Numerous courts have denied motions to strike such as that filed by EPC in the absence of any identifiable prejudice arising from even a full *one-day* delay:

> Here, the record shows Vicari filed her Response on June 25, 2007, but did not file the accompanying exhibits until June 26, 2007. …Vicari concedes she filed her exhibits a day late, by traditional means, but explains the Court's electronic filing system timed out before she could finish transmitting her exhibits. Under these circumstances, the Court finds Vicari has demonstrated good cause for the brief delay in filing her exhibits.  In addition, ***Defendants have not demonstrated any prejudice flowing from the slight delay in the filing of Vicari's exhibits.***  Thus, to the extent Defendants argue the Court should strike Vicari's Response and exhibits on the basis of untimeliness, the Court will DENY the motion to strike.

*Vicari v. Ysleta Indep. Sch. Dist.*, 2008 U.S. Dist. LEXIS 19277, *38-39 (W.D. Tex. Feb. 4, 2008).  Similarly, where the defendant e-filed its motion for summary judgment four minutes after the midnight deadline, and the exhibits to its motion more than one hour after the deadline, the court denied plaintiff's motion to strike, but not before chiding its frivolity:

> …Microsoft did not file its summary judgment motion until 12:04:27 a.m. on June 26, 2003, with some supporting documents trickling in as late as 1:11:15 a.m. …
>
>                 *        *        *
>
> Microsoft's insouciance so flustered Hyperphrase that nine of its attorneys … promptly filed a motion to strike the summary judgment motion as untimely. Counsel used bolded italics to make their point, a clear sign of grievous iniquity by one's foe.

---

[4]    All emphasis is added, unless otherwise noted.

       *  *  *

   Wounded though this court may be by Microsoft's four minute and twenty-seven second dereliction of duty, it will transcend the affront and forgive the tardiness. ….

       *  *  *

   *Having spent more than that amount of time on Hyperphrase's motion, it is now time to move on to the other Gordian problems confronting this court.*  Plaintiff's motion to strike  is denied.

*Hyperphrase Techs., LLC v. Microsoft Corp.*, 56 Fed. R. Serv. 3d 467, 467 (W.D. Wis. 2003); *see also Bayer Cropscience LP v. Booth*, No. Civ. A. 7:04-CV-92, 2005 WL 2095765, *1 (M.D. Ga, Aug. 29, 2005) (denying motion to strike amended answer e-filed one day late because of an "inadvertent error in the use of the Court's electronic filing procedure."); *Phoenix Global Ventures, LLC v. Phoenix Hotel Assoc., Ltd.*, No. 04 Civ. 4991RJH, 2004 WL 2360033, *5 (S.D.N.Y. Oct. 19, 2004) (accepting as timely a motion electronically filed one month late "due to an understandable error" in using the court's electronic filing system).

   As in *Vicari* and *Hyperphrase*, there is no indication in this case that Defendants' filing of the exhibits to two of their motions shortly after the filing deadline resulted in any prejudice to EPC, nor has EPC identified any alleged prejudice.  As in *Vicari*, in this case Defendants' late filing was due to a technical computer problem.  *See* Ex. A, at ¶7-13.  And unlike the filer in *Hyperphrase*, in this case Defendants filed all of their motions and supporting memoranda ***before*** the deadline; it was only the exhibits to two of Defendants' Substantive Pretrial Motions that were filed shortly after the deadline.  The only decision EPC cites in support of its emergency request to strike on this point is *Casey*.  But ***Casey*** is inapposite because it was premised upon the application of bankruptcy law that prohibited extending the filing deadline under the facts of that case.  *In re Casey*, 329 B.R. 43, 46

(Bankr. S.D. Ohio 2005). *Casey* held that "[e]ven if the Court were inclined to extend the deadline under its equitable powers, it is unable to do so. … ***a bankruptcy court can extend the deadline only on motion filed before the deadline expires***." *Id*. The elimination of the bankruptcy court's equitable power to extend the deadline in *Casey* is intended to promote certainty by limiting the claims of creditors to those for which some filing—either the claim or a motion to extend the time for filing the claim—has been filed by the deadline. That is not this case. Here there is no basis to contend that a District Court's equitable powers are so limited. In fact, as discussed above, caselaw shows just the contrary.

Because Defendants filed all of their motions and supporting memoranda ***before*** the deadline, and EPC has failed to show any prejudice arising from Defendants' minor delay in filing the exhibits to two of their motions, Defendants respectfully request that this Court excuse the late filing and deny EPC's motion.

### B.      The Parties Are Not Limited To A Single Motion for Summary Judgment

Defendants filed three separate motions for summary judgment because there are at least three separate, legally independent and distinct grounds upon which judgment should be granted to Defendants as a matter of law. It is entirely appropriate to present each of these grounds in a separate motion for summary judgment. With surprising temerity, and an unsurprising lack of support in the law, EPC asserts that Defendants' summary judgment motions "both alone and in the aggregate, are in violation of the Court's and the District's rules regarding the length of motions." Br. at 6. Neither the local rules nor the CMSO limits the number of motions for summary judgment that a party may file. EPC does not cite a single case from this district in support of its confected "one summary judgment motion"

limit, and there are myriad decisions in this district ruling on the merits of several motions for summary judgment filed by a single party, without any indication that filing multiple motions is in anyway improper. *See*, *e.g.*, *Epolito v. Prudential Ins. Co. of Am.*, 523 F. Supp. 2d 1329, 1344 (M.D. Fla. 2007) (granting plaintiff's first motion for summary judgment and denying plaintiff's second motion for summary judgment, on the merits); *Cusumano v. Maquipan Int'l, Inc.*, 390 F. Supp. 2d 1216, 1223 (M.D. Fla. 2005) (granting-in-part and denying-in-part defendant's first motion for summary judgment and denying plaintiff's second motion for summary judgment, on the merits); *United States ex rel. Campbell v. Lockheed Martin Corp.*, 282 F. Supp. 2d 1324, 1342 (M.D. Fla. 2003) (denying two of defendant's motions for summary judgment, on the merits, and deferring decision on defendant's third motion for summary judgment); *Dow Chem. Co. v. Mee Indus.*, 264 F. Supp. 2d 1018, 1022 (M.D. Fla. 2002) (referring to the court's earlier rulings on the merits on multiple motions for summary judgment submitted by each defendant), *overruled on other grounds*, 341 F.3d 1370 (Fed. Cir. 2003).

When a court in this district has limited the parties to a single motion for summary judgment, it has done so ***expressly*** in the CMSO. *See*, *e.g.*, *Lister v. Prison Health Servs., Inc.*, Case No. 8:04-cv-2663-T-26MAP, 2007 WL 624284, *1 (M.D. Fla. Feb. 23, 2007). In *Lister*, the court entered a CMSO stating "that '[a] party's claims or defenses for which summary judgment is sought ***shall be presented in a single motion and incorporated memorandum of law*** and that '***[m]ultiple motions for summary judgment will not be permitted***.'" *Id*. Even so, and despite the defendant's "violation" of this ***express*** case-specific provision by filing two motions for summary judgment, the court did not strike one

of the motions, but rather addressed both on the merits. *Id.* at *2. The sole decision cited by EPC on this point is from the Southern District of Florida, a court in which the filing of multiple motions for partial summary judgment is "specifically prohibited" by Local Rule 7.1(C)(2). *Novartis Consumer Health Inc. v. Elan Transdermal Techs., Inc.*, 209 F.R.D. 507, 508 (S.D. Fla. 2002). Unlike *Lister*, the CMSO in this case contains no limitation on the number of summary judgment motions, and therefore Defendants' filing of multiple such motions was proper. Again EPC's complete lack of authority for its "emergency" motion to strike on this ground speaks to EPC's lack of substantive response to Defendants' dispositive motions.

      **C.**    **Any Formatting Errors in Defendants' Substantive Pretrial Motions Are Minor, Caused No Prejudice to EPC, and Should Be Excused in the Interests of Justice and Judicial Efficiency**

Rather than respond to the merits of Defendants' Substantive Pretrial Motions, EPC has sought to have at least portions of them stricken for allegedly violating the limit on the number of pages. Leaving no stone unturned, EPC asserts not only that a *superseded and obsolete* version of the local rules applies, but that the cover page, Table of Contents, Table of Authorities, counsel's signature page, and the Certificate of Service must be included when counting the pages in Defendants' Substantive Pretrial Motions. EPC's assertions are incorrect.

      **1.**    **The Page Limit for Motions is Specified in Local Rule 3.01(a) As 25 Pages**

Local Rule 3.01(a) specifies a 25-page limit for motions:

In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for

> the request, and a memorandum of legal authority in support of the request, all
> of which the movant shall include *in a single document not more than
> twenty-five (25) pages*.

L.R. 3.01(a) (May 31, 2006).  The Local Rules of this Court were amended on May 31, 2006,

eight months before this action commenced.  The prior version of the Local Rules specified

that "[a]bsent prior permission of the Court, no party shall file any brief or legal

memorandum in excess of twenty (20) pages in length."  L.R. 3.01(c)(2006).  The CMSO in

this action paraphrases the old version of the local rule on this point and cites the old rule for

support:

> No party shall file a brief or memorandum in excess of twenty pages.  Local
> Rule 3.01(c).  The Clerk will return oversized memoranda.

*D.I.* #38 at 4 (April 25, 2007).  At the time the CMSO was entered, the local rules already

had been revised as stated above, and Local Rule 3.01(c) was revised to address not page

limits, but only the conditions under which a reply brief properly could be filed.  There is no

indication in the CMSO that the Court intended to depart from the local rules in specifying

the page limit for motions.  In stark contrast, where the Court did intend to depart from the

local rules on other provisions in the CMSO, it expressly stated that "this order modifies" the

applicable local rule.  *Id*. at 4 n.1 ("Counsel will note that this order modifies Local Rule

3.01(b) (allowing opposition to a motion within 10 days) in this case.").  Defendants

respectfully assert that Defendants' Substantive Pretrial Motions properly comply with the

25-page limit on motions stated in Local Rule 3.01(a).

EPC cannot credibly contend that it really believes the Court deliberately intended to

deviate from the current and applicable local rule (3.01 (a)) by citing to a superseded rule

(3.01 (c)) that once dealt with page limits but now deals with filing of reply briefs.  Once

Defendants pointed out to EPC that the CMSO plainly did not intend to deviate from the local rule, EPC did the Court a disservice by persisting in moving to strike on this basis. EPC wastes the Court's time and the parties' resources with such tactics.

> **2.    Only the Substantive Portions of Defendants' Substantive Pretrial Motions Count Towards The 25-Page Limit Specified in Local Rule 3.01(a)**

EPC brazenly asserts that each of Defendants' motion for summary judgment of noninfringement, motion for summary judgment of unenforceability, and *Markman* motion is "32 pages" in length, and that Defendants' motion to strike the testimony of Mr. Luallen is "28 pages" in length.  Incredibly, and without any support in the law, when counting the pages in Defendants' Substantive Pretrial Motions EPC included not only the cover page, the certificate of service, and the page containing only counsel's signature block, ***but also the entirety of the Table of Contents and the Table of Authorities***.  Defendants included these tables in an effort to assist the Court, and it is undisputed that they present no additional information beyond that contained in the substantive portion of each memorandum.  It defies reason and common practice to assert that the 25-page limit applies to tables of contents and authorities of a filing, rather than only those pages that actually comprise the substance of the memorandum.[5]  The only decision that EPC cites to support its assertion is inapposite; it

---

[5]    Although the issue rarely is raised (understandably), courts that have considered the issue have uniformly held that the table of contents and table of authorities are *not* included when counting the number of pages in a filing.  *See, e.g.*, *Fleming v. County of Kane, Ill.*, 855 F.2d 496, 498 (7th Cir. 1988) ("All elements of the brief, **with the exception of the table of contents and table of authorities**, must fit within fifty pages."); *Diamond Sawblades Mfrs. Coalition v. United States*, No. 06-00247, 2007 WL 2274038, *1 n.1 (Ct. Int'l Trade Aug. 9, 2007) ("Reply briefs in all cases shall not exceed 15 pages. These limitations **do not include** Appendices and ***Tables of Authorities and Contents***.");

merely quotes Local Rule 3.01(a), and does not address which portion of a filing is counted when assessing compliance with the 25-page limit. *See Aikens v. FSG of SW Florida, Inc.*, 2006 WL 4792783, *2 (M.D. Fla. Sept. 1, 2006) (striking "unauthorized replies").

### 3. Defendants' Inadvertent Error In Setting Page Margins Should Be Excused In The Interest Of Justice and Efficiency

Defendants inadvertently submitted their motions for summary judgment of invalidity and noninfringement with left, top, and bottom page margins that deviate from the 1.25 inch requirement of the local rules by one quarter of one inch. All page margins on these motions were 1.0 inches—the ***default*** margin in Defendants counsels' Microsoft Word program used to draft the motions. EPC is incorrect in its baseless and desperate assertion that this was the result of "deceptive tactics" by Defendants; the one-inch margins are the ***default*** margins.[6] Br. at 10. At its discretion, and in the interests of justice and efficiency, the Court may excuse Defendants' inadvertent violation of the Local Rules on this point. *See* Local Rule 1.01(c).

Defendants note that EPC has filed at least ten motions and briefs having page margins that violate the local rules, and in at least five of those instances the left margin was less than the 0.8 inch margin that EPC complains about in its Motion.[7] Defendants never to

---

*Sullivan v. State Farm Lloyds*, No 3:05-CV-2000-L, 2007 WL 1531702, *1, n.1 (S.D. Tex. May 24, 2007) ("Briefs are limited to 25 pages, ***excluding the tables of contents and authorities***.").

[6] EPC's baseless allegation of intentional wrongdoing by Defendants is nonsensical in light of the fact that the footnotes in Defendants' Substantive Pretrial Motions are eleven-point type, not the smaller "ten-point type" permitted under Local Rule 1.05(a). EPC must somehow believe that Defendants would have purposely chosen to violate the local rule specifying page margins before reducing the footnotes to the smallest permissible size.

[7] *See D.I.* # 36, 47, 54, 55, 62, 63, 86, 89, 97, and 101.

raised the issue with the Court because it is simply not worthy of the time and effort required for the Court and the parties to address it.  The draconian remedy sought by EPC—striking Defendants' Substantive Pretrial Motions—is entirely unwarranted and unnecessary, and flies in the face of the fact "that the Eleventh Circuit has a vigorous policy of resolving issues on the merits and not on procedural technicalities."  *United States ex rel. Butler v. Magellan Health Svcs., Inc.*, 74 F. Supp. 2d 1201, 1214 (M.D. Fla. 1999) (refusing to strike motion to dismiss that exceeded page limit).  Courts in this district have denied motions to strike based upon improper margins for this very reason.  *See*, *e.g.*, *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Florida*, 1999 WL 33590589, *20-21 (M.D. Fla. April 15, 1999) (denying motion to strike based on non-conforming margins, stating that "[w]hen compliance with the Local Rules is not in the interest of justice, Local Rule 1.01 allows a court to suspend application of the Local Rules."); *Demers v. Adams Homes of Northwest Florida, Inc.*, 2007 WL 3333441, *1 n.1 (M.D. Fla. Nov. 7, 2007).

Even if Defendants' inadvertent use of a 1.0 inch left margin permitted some small amount of text beyond the 25-page limit to be included, in the interests of justice, and without any showing of prejudice by EPC, Defendants respectfully request that the Court excuse their inadvertent and minor deviation from the margin requirement, and consider Defendants' Substantive Pretrial Motions on their merits.   When faced with far more significant violations of the local rules, such as the inclusion of six excess pages of briefing, courts in this district have waived the non-conformance in the interest of justice.  *See*, *e.g.*, *Perez v. Saxon Mortgage Svcs., Inc.*, No. 8:06-cv-1239-T-24 TBM, 2006 WL 2868938, *1, n.1 (M.D. Fla. Oct. 6, 2006) (denying defendant's motion to strike plaintiff's motion that was

six pages in excess of the limit), *vac. on other grounds*, 2007 WL 430723 (Feb. 5, 2007); *Pavon v. ZMC Hotels, Inc.*, No. 8:05-CV-566-T-17-MAP, 2006 WL 1640543, *1 (M.D. Fla. June 26, 2006) (denying motion to strike brief having line spacing of 1.5 rather than the required 2.0, stating "in the interests of justice it is appropriate here to allow the response to stand and to consider the issue on its merits."). Likewise, other courts routinely have excused even significant nonconformance with the local rules in the interest of justice. *See*, *e.g.*, *Papapanos v. Lufthansa German Airlines*, No. 94-2667CIVMARCUS, 1996 WL 33155438, *5 n.3 (S.D. Fla. Apr. 16, 1996) (denying motion to strike opposition brief that was 10 pages in excess of the limit).

In the only decision that EPC cites on this point, the court refused to strike the filing having improper margins, did not impose any sanction, and considered the filings on their merits "in the interest of efficiency." *Demers*, 2007 WL 3333441, *1 n.1 ("[H]ad these documents been properly formatted, it is likely that they would have exceeded the page limits set forth in Local Rule 3.01(a). In the interest of efficiency, the Court has decided not to strike these documents.").

### D.   Defendants' *Markman* Motion Was Properly Filed

EPC asserts that Defendants' Opening *Markman* Brief must be stricken because Defendants filed it without first conferring with EPC. This is untrue, and nonsensical. The CMSO expressly states that "*Markman* Motions" were to be filed on April 1, 2008, and prior to that date the parties exchanged their contentions on claim construction issues. Ex. B, EPC's Resp. to BAC's Interrog. No. 1 and BANA's Interrog. Nos. 1 and 3, served Sept. 12, 2007; Ex. C, BANA's Resp. to EPC's Interrog. No. 9, served Sept. 25, 2007. EPC knew

when *Markman* motions were due, and EPC knew that it and the Defendants differed in their contentions on the *Markman* issues. Defendants provided EPC with all of the information intended to be provided under Rule 3.01(g) prior to filing their *Markman* brief, in the form of their claim construction contentions.[8]

The Court's construction of the asserted claims will almost certainly be dispositive in this case, as it "nearly always" is in patent cases. *Markman v. Westview Instr., Inc.*, 52 F.3d 967, 989 (Fed. Cir. 1995) (*en banc*) (Mayer, J., *concurring*: "All these pages and all these words cannot camouflage what the court well knows: **to decide what the claims mean is nearly always to decide the case**."). EPC does not dispute this, and the Court apparently was well aware of this when it ordered in the CMSO that the parties' *Markman* briefs and any dispositive motions be filed not later than April 1, 2008.

Regardless, the courts in this district routinely refuse to impose the "severe sanction" of striking a motion for failure to meet and confer under Local Rule 3.01(g) where—as here—such a conference would be futile. *Lifetime Homes, Inc. v. Residential Dev. Corp.*, 510 F. Supp. 2d 794, 800 n.4 (M.D. Fla. 2007) (denying motion to strike based upon failure to meet and confer before filing summary judgment motion because striking "is a severe sanction that does not appear to be justified in the present case."); *see also Domke v. McNeil-P.P.C., Inc.*, 939 F. Supp. 849, 851 (M.D. Fla. 1996) (denying motion to strike for failure to meet and confer because it "is clear by the Defendant's subsequent opposition that there would have been no agreement or resolution of the motion."); *see also Ware v. United States*,

---

[8]     If the Court construes any of the disputed claim limitations as Defendants urge, there can be no infringement. Thus, Defendants' Opening *Markman* brief is, in effect, a motion for summary judgment, and is therefore not subject to Local Rule 3.01(g).

152 F.R.D. 225, 226 (M.D. Fla. 1993) ("[W]hile it may be true that Plaintiff did not strictly comply with the requirements of Rule 3.01, it would be improper to strike the motion for leave to amend on this basis. It is evident … that no resolution of this matter would have come about had counsel conferred prior to the filing of Plaintiff's motion.").    As in the *Lifetime*, *Domke*, and *Ware*, any conference with EPC would have been futile because the parties differ significantly in their claim construction contentions.  Further, EPC has failed to point to any prejudice, because Defendants provided EPC their claim construction contentions before filing the Opening *Markman* Brief.

## II.    CONCLUSION

For the foregoing reasons, the Court should deny EPC's Motion.


DATED this 14th day of April, 2008.          Respectfully submitted,

/s/ Casey K. Weidenmiller
Casey K. Weidenmiller
Florida Bar No. 0521035
Salvatori & Wood, P.L.
4001 Tamiami Trail North,
Suite 330
Naples, Florida 34103
Tel: 239-263-1480
Fax: 239-261-2532

Steven C. Cherny
David A. Nelson
Amanda J. Hollis
LATHAM & WATKINS LLP
233 S. Wacker Dr. Suite 5800
Chicago, IL 60606
Tel: 312.876.7700
Fax: 312.993.9767
Attorneys for BoA
Bank of America, N.A. and
Bank of America Corporation

## CERTIFICATE OF SERVICE

**I HERBY CERTIFY** that a true and correct copy of the foregoing has been furnished **via e-filing with the Court's CM/ECF System** on April 14, 2008, to Counsel for Plaintiff, Eric Pellenbarg and Harvey Kauget, Phelps Dunbar LLP, 100 South Ashley Drive, Suite 1900, Tampa, Florida 33602-5311, and Brent B. Barriere, David L. Patron and Harry M. Barton, Phelps Dunbar LLP, 365 Canal Street, Suite 2000, New Orleans, Louisiana 70130.


/s/ Casey K. Weidenmiller

Casey K. Weidenmiller
Florida Bar No. 0521035
Salvatori & Wood, P.L.
4001 Tamiami Trail North,
Suite 330
Naples, Florida 34103
Tel: 239-263-1480
Fax: 239-261-2532

Steven C. Cherny
David A. Nelson
Amanda J. Hollis
LATHAM & WATKINS LLP
233 S. Wacker Dr. Suite 5800
Chicago, IL 60606
Tel: 312.876.7700
Fax: 312.993.9767

Bank of America, N.A. and
Bank of America Corporation