```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

EVERY PENNY COUNTS, INC.,

        Plaintiff,

vs.                                      Case No. 2:07-cv-42-FtM-29SPC

BANK OF AMERICA CORPORATION; and
BANK OF AMERICA, N.A.,

        Defendants.
_____

**ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Defendants' Motions for Summary Judgment, Motion to Exclude the Testimony of Craig Luallen, and *Markman* Motions (Doc. #118) filed on April 3, 2008. Defendants filed a Response (Doc. #125) on April 14, 2007.

Plaintiff asserts that the various Motions for Summary Judgment filed by defendants (Docs. ## 111, 115, 116), Motion to Exclude the Testimony of Craig Luallen (Doc. #108), *Markman* Motions (Docs. ## 114, 117) should be stricken for violating the page limits as well as the meet and confer requirements imposed by the Local Rules. (Doc. #118, pp. 4-6.)

As a preliminary matter, the Court notes that plaintiff cites to an outdated version of Local Rule 3.01(a). The Local Rules were amended on May 31, 2006 to provide that motions, with a supporting memorandum of legal authority, shall not exceed twenty-five (25) pages in length. See M.D. Fla. Local Rule 3.01(a).

As to the pending Motions for Summary Judgment (Docs. ## 110, 111, 115, 116), defendants are generally correct in their assertion that Local Rule 3.01 does not limit parties to one Motion for Summary Judgment.  However, in this case the four pending Motions for Summary Judgment are composed of over eighty (80) pages.  While no one motion exceeds the page requirement imposed by Local Rule 3.01(a) (table of contents and authorities do not count towards the twenty-five page requirement), the Court finds that defendants are trying to make an end run of the twenty-five (25) page limitation imposed in Local Rule 3.01.  Therefore, the Court will strike all four pending Motions for Summary Judgment without prejudice.  Defendants will be permitted to file one single Motion for Summary Judgment, encompassing all grounds and arguments, which will be limited to fifty (50) pages.

As to the Motion to Exclude the Testimony of Craig Luallen (Doc. #108), the Court finds that the motion does not violate the twenty-five page requirement imposed by Local Rule 3.01(a).

As to the pending *Markman* motions (Docs. ## 114, 117), the Court finds that they do not violate Local Rule 3.01(a)'s twenty-five page limit.  Plaintiff also asserts that the Court should strike these three motions for failure to comply with Local Rule 3.01(g) by not conferring with opposing counsel.  (Doc. #118, pp. 5-6.)  Defendants' Response indicates that plaintiffs were aware that the *Markman* motions were forthcoming as a result of the

interrogatories. (Doc. #125, pp. 14-15.) The Court finds that defendants' failure to confer with opposing counsel before filing their *Markman* motions was not prejudicial to plaintiff. Moreover, striking the *Markman* motion is a severe sanction that does not appear to be justified in the present case. Accordingly, the Court finds that defendants' *Markman* motions are properly before the Court.

As a final note, the Court cautions all parties that they must abide by the Local Rules. Failure to do so may result in severe sanctions including striking non-conforming documents.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion to Strike Defendants' Motions for Summary Judgment, Motion to Exclude the Testimony of Craig Luallen, and *Markman* Motions (Doc. #118) is **GRANTED** as to defendants' Motions for Summary Judgment (Docs. ## 110, 111, 115, 116) and is otherwise **DENIED.**

2. Defendants' Motions for Summary Judgment (Docs. ## 110, 111, 115, 116) are **stricken.**

3. Defendants' Motion for *Markman* (Doc. #114) is **DENIED as moot** for being duplicitous of Motion for *Markman* (Doc. #117).

4. Defendants may file one single Motion for Summary Judgment, encompassing all grounds and arguments, which will be limited to **FIFTY (50) pages** within **ELEVEN (11) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of April, 2008.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies: Counsel of record