UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVERY PENNY COUNTS, INC.,

           Plaintiff,

-vs-                                              Case No.  2:07-cv-42-FtM-29SPC

BANK OF AMERICA CORPORATION; and
BANK OF AMERICA, N.A.,

           Defendants.
_____

## ORDER

This matter comes before the Court on the Intervenor Jonathan Lee Riches' Motion to Intervene (Doc. #169) filed on August 4, 2008.

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case.  Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in and action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D.

336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)). If each of these four requirements are met, the court must allow the party to intervene in the action. TIG Specialty Ins. Co., 208 F.R.D. at 337.

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally Courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case. *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, *Federal Civil Rules Handbook 2005*, Pt. III 551 (West 2005) (a brief but through discussion with relevant citations of law regarding timing issues under Rule 24).

In this instance, the potential intervenor states he has a right to be heard. The Plaintiff does not support his motion with any law or facts that would demonstrate to the Court that he has a vested interest in the case that would prejudice him in any way should he be denied the right to intervene. Therefore, the Motion is without merit and due to be denied. Accordingly, it is now

**ORDERED:**

The Intervenor Jonathan Lee Riches' Motion to Intervene (Doc. #169) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   8th   day of August, 2008.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record