UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Every Penny Counts, Inc.,   Case No. 2:07-cv-042

    Plaintiff,

v.   **MEMORANDUM AND ORDER**

Bank of America Corporation, and
Bank of America, N.A.,

    Defendants.

---

This matter is before the Court on cross-Motions for Summary Judgment in this patent case. For the reasons that follow, Plaintiff's Motion is denied and Defendants' Motion is granted.

**BACKGROUND**

Plaintiff Every Penny Counts ("EPC") received patent number 6,112,191 (the "191 patent") in 2000. This patent claims a system whereby consumers can save and/or donate a portion of a credit or debit transaction. For example, a consumer can determine that any credit or debit transaction will be rounded up to the nearest dollar, and the difference between the actual transaction price and the rounded price will go to the consumer's savings account, or to a charitable organization, or a portion to each. A consumer can also select a particular amount to be added to each transaction, rather than rounding the transaction to the nearest dollar.

Defendants Bank of America Corporation and Bank of America, N.A. (collectively, "BOA") have a system called Keep the Change, or KTC. This system allows BOA customers to round up credit or debit transactions to the nearest dollar. The difference is presumably put into one of the customer's BOA accounts.

EPC contends that Keep the Change infringes claim 15 of the 191 patent. This claim provides:

> A system, comprising:
>
> A network;
>
> entry means coupled to said network for entering into the network an amount being paid in a transaction by a payor;
>
> identification entering means in said entry means and coupled to said network for entering an identification of the payor;
>
> said network including computing means having data concerning the payor including an excess determinant established by the payor for the accounts;
>
> said computing means in said network being responsive to said data and said identification entering means for determining an excess payment on the basis of the determinant established by the payor, and
>
> said computing means in said network being responsive to the excess payment for apportioning, at least a part of the excess payment amount said accounts on the basis of the excess determined and established by the payor and on the basis of commands established by the payor and controlled by other than the payee.

(Defs.' Ex. B (191 patent), claim 15.)

BOA moved for summary judgment. The original Motion had two grounds: first, that BOA's Keep the Change program does not infringe the patent, and second, that the patent is invalid because of EPC's inequitable conduct before the Patent & Trademark Office ("PTO") in prosecuting the 191 patent. After the Motion was briefed, BOA asked the Court

to postpone the hearing on the Motion and to reopen discovery for the limited purpose of allowing the parties to examine the effect of the Federal Circuit's decision in In re Bilski, 545 F.3d 943 (Fed. Cir. 2008) on the 191 patent. The Court allowed the additional discovery and permitted the parties to file addenda to their previously filed summary judgment papers. BOA's addendum adds an additional basis for summary judgment: that EPC's "invention" is unpatentable under 35 U.S.C. § 101 pursuant to the holding in Bilski. In response to BOA's addendum, EPC filed its own Motion, seeking a judgment of validity under § 101.

**DISCUSSION**

Summary judgment is proper only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). Nevertheless, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1.).

**A.   In re Bilski**

35 U.S.C. § 101 provides: "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." Courts

3

have struggled for years with what sorts of "processes" are patentable under § 101.

On October 30, 2008, the Federal Circuit issued the en banc decision In re Bilski, 545 F.3d 943 (Fed. Cir. 2008). This decision clarified that the "machine-or-transformation" test applies to determine the patent eligibility of "process" patents. The court explicitly overruled its prior test, which allowed a patent to issue if the process produced a "useful, concrete and tangible result." In re Alappat, 33 F.3d 1526, 1544 (Fed. Cir. 1994). Bilski explained that a process is patentable only if "(1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." Bilski, 545 F.3d at 954.

EPC argues that the 191 patent does not claim a process, but rather claims a system, which is analogous to a machine. Thus, according to EPC, Bilski does not apply in the first instance. A machine is "a concrete thing, consisting of parts, or of certain devices and combination of devices." In re Nuijten, 500 F.3d 1346, 1355 (Fed. Cir. 2007). EPC contends that, because claim 15 claims a "network," an "entry means," an "identification entry means," and a "computing means," the 191 patent is a "machine" under the above definition.

Simply because the process at issue requires machines or computers to work, however, does not mean that the process or system is a machine. See, e.g., Gottschalk v. Benson, 409 U.S. 63, 71-72 (1972) (finding that "the mathematical formula involved here has no substantial practical application except in connection with a digital computer" and was therefore not eligible for a patent). The "system" described by the 191 patent "has no substantial practical application except in connection with" computers, cash registers, and

4

networks, but it is not comprised of those devices. The 191 patent is a process, not a machine.

Bilski emphasized that the use of a machine in the process in question was not particularly relevant in determining whether that process was patent-eligible. Rather, a Court must examine whether "the use of a specific machine . . . impose[s] meaningful limits on the claim's scope" and whether "the involvement of the machine in the claimed process [is] merely . . . insignificant extra-solution activity." Id. at 961-62. In the process claimed by the 191 patent, a mathematical algorithm uses machines for data input and data output and to perform the required calculations. Those machines do not, however, impose any limit on the process itself. The involvement of the machine in the process is insignificant extra-solution activity and thus the process is not patentable under § 101.[1]

The 191 patent is invalid unless it "is tied to a particular machine" or "transforms a particular article into a different state or thing." Bilski, 545 F.3d at 954. EPC does not argue that the 191 patent transforms any article into something different. Thus, the patent is valid only if it is tied to a particular machine. Because it is beyond question that the patented process is not tied to a particular computer or other device, the process embodied by the 191 patent is invalid under § 101.

**B.     Non-Infringement and Inequitable Conduct**

---

[1] According to EPC, BOA has attempted patent its Keep the Change program. EPC contends that BOA changed some of the patent application language after the PTO raised Bilski issues. BOA cannot have its cake and eat it, too. If the EPC patent is invalid because it is not patentable subject matter, then the very similar process used by Keep the Change is likewise invalid.

Having found that the 191 patent is invalid, the Court need not reach the alternative grounds for summary judgment.

**CONCLUSION**

The recent decision of <u>In re Bilski</u>, 545 F.3d 943 (Fed. Cir. 2008) (en banc), means that the 191 patent is invalid for lack of patentable subject matter. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment (Docket No. 178) is **GRANTED**; and

2. Plaintiff's Motion for Summary Judgment (Docket No. 217) is **DENIED.**

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: <u>Wednesday, May 27, 2009</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge
